## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CROSSROADS TREATMENT CENTER**
**OF SOUTHERN MISSISSIPPI, P.C.**                                    **PLAINTIFF**

**V.**                          **CIVIL ACTION NO.: 1:18-cv-245-LG-RHW**

**PEARL RIVER COUNTY, MISSISSIPPI**                          **DEFENDANT**

### PEARL RIVER COUNTY, MISSISSIPPI'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Pearl River County, Mississippi, by and through counsel, files its Answer in response to Plaintiff's Complaint and would show unto the Court as follows:

### FIRST DEFENSE

Answering defendant specifically asserts and invokes all the privileges available to it as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

To the extent the Plaintiff is asserting any state law claims, answering defendant invokes each and every restriction, limitation, requirement, privilege and immunity of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### THIRD DEFENSE

Answering defendant denies that it has been guilty of any actionable conduct.

## FOURTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint paragraph by paragraph as follows:

## PARTIES

1.      Answering defendant admits, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2.      Answering defendant admits that it is a political subdivision in the State of Mississippi and to which portions of Title II of the Americans with Disabilities Act apply. Answering defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3.      Without waiving any limitations, restrictions or immunities, answering defendant admits this Court has jurisdiction over this matter. Answering defendant denies the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4.      Without waiving any limitations, restrictions or immunities, answering defendant admits that venue is proper in this matter. Answering defendant denies the remaining allegations of paragraph 4 of Plaintiff's Complaint.

## FACTS

**A. Crossroads Treatment Centers**

5.      Answering defendant lacks information sufficient to make a

determination as to the truth of the allegations of paragraph 5 of Plaintiff's Complaint and, as such, denies the same.

6.      Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 6 of Plaintiff's Complaint and, as such, denies the same.

7.      Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 7 of Plaintiff's Complaint and, as such, denies the same.

8.      Answering defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.      Answering defendant denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.     Answering defendant denies the allegations of paragraph 10 of Plaintiff's Complaint.

11.     Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12.     Answering defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13.     Answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14.     Answering defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15.     Answering defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16.     Answering defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17.     Answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

18.     Answering defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

19.     Answering defendant denies the allegations of paragraph 19 of Plaintiff's Complaint.

20.     Answering defendant denies the remaining allegations of paragraph 20 of Plaintiff's Complaint.

21.     Answering defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

22.     Answering defendant denies the allegations of paragraph 22 of Plaintiff's Complaint.

23.     Answering defendant denies the allegations of paragraph 23 of Plaintiff's Complaint.

24.     Answering defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

**B.  Opioid Addiction in Mississippi**

25.     Answering   defendant   lacks   information   sufficient   to   make   a

determination as to the truth of the allegations of paragraph 25 of Plaintiff's Complaint and, as such, denies the same.

26.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 26 of Plaintiff's Complaint and, as such, denies the same.

27.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 27 of Plaintiff's Complaint and, as such, denies the same.

28.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 28 of Plaintiff's Complaint and, as such, denies the same.

29.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 29 of Plaintiff's Complaint and, as such, denies the same.

30.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 30 of Plaintiff's Complaint and, as such, denies the same.

31.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 31 of Plaintiff's Complaint and, as such, denies the same.

32.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 32 of Plaintiff's Complaint

and, as such, denies the same.

33. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 33 of Plaintiff's Complaint and, as such, denies the same.

34. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 34 of Plaintiff's Complaint and, as such, denies the same.

35. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 35 of Plaintiff's Complaint and, as such, denies the same.

36. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 36 of Plaintiff's Complaint and, as such, denies the same.

37. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 37 of Plaintiff's Complaint and, as such, denies the same.

38. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 38 of Plaintiff's Complaint and, as such, denies the same.

39. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 39 of Plaintiff's Complaint and, as such, denies the same.

**C. Crossroads Attempts to Open a Treatment Facility in Pearl River County**

40.     Answering defendant admits the allegations of paragraph 40 of Plaintiff's Complaint.

41.     Answering defendant denies the allegations of paragraph 41 of Plaintiff's Complaint as stated, inasmuch as Plaintiff submitted its application to MDH for another physical location not the present desired location, referred to as the Property in Plaintiff's Complaint.

42.     Answering defendant denies the allegations of paragraph 42 of Plaintiff's Complaint as stated for the reason specified in response to paragraph 41 of Plaintiff's Complaint.

43.     Answering defendant admits the allegations of paragraph 43 of Plaintiff's Complaint and would affirmatively aver that any damages available to Plaintiff arise out of the lease agreement and Plaintiff and property owner's failure to obtain requisite permits prior to beginning construction and/or improvements to the property.

44.     Answering defendant denies the allegations of paragraph 44 of Plaintiff's Complaint.

45.     Answering defendant denies the allegations of paragraph 45 of Plaintiff's Complaint, as stated.

46.     Answering defendant denies the allegations of paragraph 46 of Plaintiff's Complaint, as stated.

47.     Answering defendant denies the allegations of paragraph 47 of Plaintiff's Complaint.

48.     Answering defendant denies the allegations of paragraph 48 of Plaintiff's Complaint.

49.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 49 of Plaintiff's Complaint and, as such, denies the same.

50.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 50 of Plaintiff's Complaint and, as such, denies the same.

51.     Answering defendant denies the allegations of paragraph 51 of Plaintiff's Complaint as stated.

52.     Answering defendant denies the allegations of paragraph 52 of Plaintiff's Complaint.

53.     Answering defendant denies the allegations of paragraph 53 of Plaintiff's Complaint.

54.     Answering defendant denies the allegations of paragraph 54 of Plaintiff's Complaint.

55.     Answering defendant denies the allegations of paragraph 55 of Plaintiff's Complaint.

56.     Answering defendant denies the allegations of paragraph 56 of Plaintiff's Complaint.

57.     Answering defendant denies the allegations of paragraph 57 of Plaintiff's Complaint.

58.     Answering defendant denies the allegations of paragraph 58 of Plaintiff's Complaint as stated.

59.     Answering defendant admits the allegations of paragraph 59 of Plaintiff's Complaint.

60.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 60 of Plaintiff's Complaint and, as such, denies the same.

61.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 61 of Plaintiff's Complaint and, as such, denies the same.

62.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 62 of Plaintiff's Complaint and, as such, denies the same.

63.     Answering defendant admits the allegations of paragraph 63 of Plaintiff's Complaint.

64.     Answering defendant would state that the Ordinance speaks for itself. To the extent that the allegations of paragraph 64 of Plaintiff's Complaint conflict with the Ordinance itself, answering defendant denies the same. Answering defendant denies the remaining allegations of paragraph 64 of Plaintiff's Complaint.

65.     Answering defendant would state that Section 17-1-3 of the Mississippi Code speaks for itself. Answering defendants deny the remaining allegations of paragraph 65 of Plaintiff's Complaint.

66.     Answering defendant denies the allegations of paragraph 66 of Plaintiff's Complaint.

67.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 67 of Plaintiff's Complaint and, as such, denies the same.

68.     Answering defendant admits the allegations of paragraph 68 of Plaintiff's Complaint.

69.     Answering defendant denies the allegations of paragraph 69 of Plaintiff's Complaint.

70.     Answering defendant denies the allegations of paragraph 70 of Plaintiff's Complaint.

71.     Answering defendant denies the allegations of paragraph 71 of Plaintiff's Complaint.

## COUNT I: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

72.     Answering defendants incorporate by reference all defenses, statements, admissions, and denials to paragraphs 1-71 hereinabove as if the same were specifically set out herein.

73.     Answering defendant denies the allegations of paragraph 73 of Plaintiff's Complaint, including subparagraphs a-g.

74.     Answering defendant denies the allegations of paragraph 74 of Plaintiff's Complaint.

75.     Answering defendant denies the allegations of paragraph 75 of Plaintiff's Complaint.

76.     Answering defendant denies the allegations of paragraph 76 of Plaintiff's Complaint.

## COUNT II: SUBSTANTIVE DUE PROCESS

77.     Answering defendants incorporate by reference all defenses, statements, admissions, and denials to paragraphs 1-76 herein above as if the same were specifically set out herein.

78.     Answering defendant denies the allegations of paragraph 78 of Plaintiff's Complaint.

79.     Answering defendant denies the allegations of paragraph 79 of Plaintiff's Complaint.

80.     Answering defendant denies the allegations of paragraph 80 of Plaintiff's Complaint.

81.     Answering defendant denies the allegations of paragraph 81 of Plaintiff's Complaint.

82.     Answering defendant denies the allegations of paragraph 82 of Plaintiff's Complaint.

## COUNT III: PROCEDURAL DUE PROCESS

83.     Answering defendants incorporate by reference all defenses, statements, admissions, and denials to paragraphs 1-82 herein above as if the same were specifically set out herein.

84.     Answering defendant denies the allegations of paragraph 84 of Plaintiff's Complaint.

85.     Answering defendant denies the allegations of paragraph 85 of Plaintiff's Complaint.

86.     Answering defendant denies the allegations of paragraph 86 of Plaintiff's Complaint.

87.     Answering defendant denies the allegations of paragraph 87 of Plaintiff's Complaint.

88.     Answering defendant denies the allegations of paragraph 88 of Plaintiff's Complaint.

89.     Answering defendant denies the allegations of paragraph 89 of Plaintiff's Complaint.

## COUNT IV: EQUAL PROTECTION

90.     Answering defendants incorporate by reference all defenses, statements, admissions, and denials to paragraphs 1-89 herein above as if the same were specifically set out herein.

91.     Answering defendant denies the allegations of paragraph 91 of Plaintiff's Complaint.

92.     Answering defendant denies the allegations of paragraph 92 of Plaintiff's Complaint.

93.     Answering defendant denies the allegations of paragraph 93 of Plaintiff's Complaint.

94.     Answering defendant denies the allegations of paragraph 94 of Plaintiff's Complaint.

95.     Answering defendant denies the allegations of paragraph 95 of Plaintiff's Complaint.

96.     Answering defendant denies the allegations of paragraph 96 of Plaintiff's Complaint.

97.     Answering defendant denies the allegations of paragraph 97 of Plaintiff's Complaint.

98.     Answering defendant denies the allegations of paragraph 98 of Plaintiff's Complaint.

99.     Answering defendant denies the allegations of paragraph 99 of Plaintiff's Complaint.

100.    Answering defendant denies the allegations of paragraph 100 of Plaintiff's Complaint.

As for the last unnumbered paragraph which commences, "WHEREFORE, PREMISES CONSIDERED…" answering defendant denies each and every allegation contained therein, including but not limited to subparagraphs a) through j) and would affirmatively aver that Plaintiff is not entitled to any recovery from answering defendant whatsoever.

## **SIXTH DEFENSE**

To the extent that Plaintiff failed to exhaust internal or external administrative remedies, those claims are barred and due to be summarily dismissed.

**SEVENTH DEFENSE**

Plaintiff has failed to mitigate its damages inasmuch as Plaintiff and the property owner secretly began construction of the clinic without securing the proper building permits.

**NINTH DEFENSE**

Plaintiff lacks standing to challenge the alleged violation(s).

**TENTH DEFENSE**

Plaintiff has failed to demonstrate that any particular Pearl River County department, agency, entity or other instrumentality receives federal funding.

**ELEVENTH DEFENSE**

Title II of the ADA exceeds congressional power.

**TWELFTH DEFENSE**

No private cause of action exists for enforcing Title II regulations, especially with respect to transition plans and self-evaluation plans.

**THIRTEENTH DEFENSE**

Plaintiff is not disabled under the meaning of 42 U.S.C. §12102; therefore, the Plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

**FOURTEENTH DEFENSE**

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

14

## FIFTHTEENTH DEFENSE

Answering defendant alleges that it met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incident in question.

## SIXTEENTH DEFENSE

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## SEVENTEENTH DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned.   Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## **EIGHTEENTH DEFENSE**

Plaintiff never requested or otherwise made known to answering defendant the need for an "accommodation" for a "disability" covered under 42 U.S.C. § 12101, *et seq.* To the extent that Plaintiff's conduct could be interpreted as requesting accommodations, answer defendant contends that it made good faith efforts to accommodate Plaintiff.

**NINTEENTH DEFENSE**

Answering defendant alleges that the incident in question resulted solely and proximately from the acts and omission of a person or persons for whom the County is not liable or responsible and invokes the provisions of Miss. Code Ann. § 85-5-7.

**TWENTIETH DEFENSE**

Answering defendant alleges that any damages to which Plaintiff might be entitled arise solely out of any lease agreement which Plaintiff entered into with the property owner, not Pearl River County.

**TWENTY-FIRST DEFENSE**

Answering defendant avers that Plaintiff's requests for access create an undue hardship.

**TWENTY-SECOND DEFENSE**

Pearl River County is a governmental entity of the State of Mississippi duly entitled to enact ordinances for the protection of its citizens.

**TWENTY-THIRD DEFENSE**

Plaintiff's Complaint is due to be dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

**TWENTY-FOURTH DEFENSE**

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against it, answering defendant requests that the same be dismissed, that it be discharged, and that costs be assessed against the Plaintiff.

**DATE:**          **September 10, 2018.**

Respectfully submitted,

**PEARL RIVER COUNTY,
MISSISSIPPI**

BY:     /s/*William R. Allen*
          One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

JOSEPH H. MONTGOMERY (MSB #3419)
Williams, Williams & Montgomery, PA
109 Erlanger Street
P.O. BOX 113
Poplarville, Mississippi 39470
Tel.: 601-795-4572
**joemontgomery@wwmlawfirm.net**

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Pearl River County, Mississippi's Answer to Plaintiff's Complaint with the Clerk of the Court which gave notice of the same to:

> Benje Bailey, Esq.
> Sheldon G. Alston, Esq.
> William D. Drinkwater, Es q.
> Brunini, Grantham, Grower & Hewes, PLLC
> P.O. Drawer 119
> Jackson, MS 39205
> bbailey@brunini.com
> salston@brunini.com
> wdrinkwater@brunini.com
> *Attorneys for Plaintiff*

The 10th day of September, 2018.

/s/*William R. Allen*
OF COUNSEL